IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| MYCAEL AARON ROSE and ) | |
| ROBIN ELAINE KREBS-ROSE, ) | |
| ) | CASE NO. BK10-41210-TLS |
| Debtor(s). ) | A10-4073-TLS |
| CHERYL WALSH, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| MYCAEL AARON ROSE, ) | |
| ) | |
| Defendant. ) | |

ORDER

     This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 7) and objection by the debtor-defendant (Fil. No. 16). Gregory M. Neuhaus represents the debtor, and Joel G. Lonowski represents the plaintiff. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

     The motion is granted.

     This adversary proceeding was brought to except from discharge under 11 U.S.C. § 523(a)(6) a debt owed to the plaintiff. The debt at issue arises from a 2002 state court order and judgment. The debtor-defendant, Mr. Rose, was held liable to the plaintiff, Ms. Walsh, for slander as a result of statements he made to third parties alleging that Ms. Walsh had participated in the sexual assault of a child. The court found those statements to be false, malicious, and made with the intent to damage Ms. Walsh. The court awarded Ms. Walsh $50,000 in general damages and $100,000 in punitive damages.

     On April 21, 2010, Mr. Rose and his wife filed a Chapter 7 bankruptcy petition. Ms. Walsh filed this adversary proceeding on August 3, 2010, and has now filed a motion for summary judgment asserting that no genuine issue of material fact exists in this case so judgment should be entered in her favor.

     Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary

proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The following facts are undisputed:

1. Ms. Walsh is, and at all times material herein was, a resident of Livingston, Montana.

2. Mr. Rose is a resident of Red Cloud, Webster County, Nebraska.

3. Prior to the bankruptcy filing, Ms. Walsh and Mr. Rose were involved in a dispute that resulted in a judgment against him for maliciously slandering her. The judgment was rendered by the Montana Sixth Judicial District Court in Park County on July 25, 2002, after filings its Findings of Fact, Conclusions of Law, Order, Judgment and Decree on March 19, 2002.

4. The Montana court order states that Mr. Rose slandered Ms. Walsh in the following particulars:

    a.    That Mr. Rose published to at least three persons the allegations that Ms. Walsh and two other women sexually assaulted the 6-year-old daughter of Mr. Rose's former wife;

    b.    That said allegations were false and intentionally made up and that Mr. Rose told the child to repeat the story;

    c.    That Mr. Rose repeated said allegations to others and had no privilege to do so;

    d.    That the information published by Mr. Rose was false and his actions were intended to manipulate third parties and law enforcement and were designed to defame Ms. Walsh and the other plaintiffs in that action;

    e.    That Mr. Rose was motivated by a desire to damage, among others, Ms. Walsh and cause her personal affront;

    f.  That Mr. Rose acted with malice that was proved by clear and convincing evidence.

 5. The Montana court entered a judgment against Mr. Rose, and in favor of Ms. Walsh, in the amount of $50,000 for actual damages. Thereafter, the court awarded an additional judgment for punitive damages in favor of Ms. Walsh and against Mr. Rose in the sum of $100,000.

 6. The judgment provided for the reduction of said punitive damages by 75% in the event Mr. Rose complied with certain requirements, including writing a personal letter of apology to Ms. Walsh and completing sexual offender treatment.

 7. Mr. Rose did not comply with the aforesaid requirements to reduce the judgment amount.

 8. Mr. Rose admits that the amount of the judgment entered against him in favor of Ms. Walsh is $150,000.

 9. Mr. Rose has not paid Ms. Walsh any amount on the judgment.

 A debt may be excepted from the discharge of debts granted under 11 U.S.C. § 727 if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To except a debt from discharge under that section, a plaintiff must establish, by a preponderance of the evidence, that the debt arises from an injury that is both willful and malicious. *Sells v. Porter (In re Porter)*, 539 F.3d 889, 893 (8th Cir. 2008). In this context, the term "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional. If the debtor knows that the consequences are certain, or substantially certain, to result from his conduct, the debtor is treated as if he had, in fact, desired to produce those consequences. *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008). A "malicious" injury is one that is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause harm. *Jamrose v. D'Amato (In re D'Amato)*, 341 B.R. 1, 4-5 (B.A.P. 8th Cir. 2006). The category of injury envisioned by the Supreme Court is that of an intentional tort. *Osborne v. Stage (In re Stage)*, 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)). In a practical sense,

> if the debtor was aware of the plaintiff-creditor's right under law to be free of the invasive conduct of others (conduct of the sort redressed by the law on the underlying tort) and nonetheless proceeded to act to effect the invasion with particular reference to the plaintiff, willfulness is established. If in so doing the debtor intended to bring about a loss in fact that would be detrimental to the plaintiff, whether specific sort of loss the plaintiff actually suffered or not, malice is established.

*KYMN, Inc. v. Langeslag (In re Langeslag)*, 366 B.R. 51, 59 (Bankr. D. Minn. 2007).

Here, the plaintiff relies on the Montana order and judgment to establish the non-dischargeability of the debt. A state court action to establish a debt is separate from a determination of the dischargeability of that debt in bankruptcy. *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 609 (B.A.P. 8th Cir. 1997). The bankruptcy court has exclusive jurisdiction to determine whether debts for a debtor's fiduciary or non-fiduciary fraud, embezzlement, larceny, or willful and malicious injury are non-dischargeable. 11 U.S.C. § 523(c); *Zio Johnos, Inc. v. Ziadeh (In re Ziadeh)*, 276 B.R. 614, 619 (Bankr. N.D. Iowa 2002). Therefore, the court must review the state court judgment to see whether it establishes the elements of a prima facie case under § 523. *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989-90 (8th Cir. 1999).

When determining whether collateral estoppel arises from a prior state court judgment, federal courts apply the substantive law of the forum state in whose courts the prior judgment was entered. *Osborne*, 321 B.R. at 492. In Montana, courts apply a four-part test to ascertain whether collateral estoppel bars relitigation of an issue: (1) the identical issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom collateral estoppel is now asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom preclusion is asserted was afforded a full and fair opportunity to litigate any issues which may be barred. *Baltrusch v. Baltrusch*, 130 P.3d 1267, 1274 (Mont. 2006). The party asserting preclusion bears the burden of proving each of the elements. *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir.1991).

In this case, the Montana order and judgment precludes the necessity to re-litigate this matter. A final judgment on the merits was entered after a bench trial in which both of the parties to this case participated. The Montana court specifically found that Mr. Rose's actions fell within the statutory definition of slander; that clear and convincing evidence established he intentionally engaged in such conduct with a desire to cause harm to Ms. Walsh and the other plaintiffs; and that he acted with malice.

The Montana defamation statute which Mr. Rose was found to have violated is as follows:

27-1-803. Slander defined

Slander is a false and unprivileged publication other than libel that:
    (1) charges any person with crime or with having been indicted, convicted, or punished for crime;
    (2) imputes in a person the present existence of an infectious, contagious, or loathsome disease;
    (3) tends directly to injure a person in respect to the person's office, profession, trade, or business, either by imputing to the person general disqualification in those respects that the office or other occupation peculiarly requires or by imputing something with reference to the person's office, profession, trade, or business that has a natural tendency to lessen its profit;

>       (4) imputes to a person impotence or want of chastity; or
>       (5) by natural consequence causes actual damage.

Mont. Code Ann. § 27-1-803.

The Montana court concluded as a matter of law that:

> 3. Defendant's false and unprivileged publication to third parties alleged that Plaintiffs had engaged in reprehensible conduct and asserted that they had committed crimes. Defendant's conduct injured Plaintiff Walsh in respect of her trade or business by imputing to her general disqualification alleging that she was a child abuser and as a natural consequence caused actual damages to her.

Findings of Fact, Conclusions of Law, Order, Judgment and Decree, at 6 (Fil. No. 11).

The court went on to conclude, in a number of ways, that Mr. Rose's actions were malicious:

> 5. Defendant had knowledge of the facts and intentionally disregarded them which created a high probability of injury to the Plaintiffs. He is guilty of actual malice.
> 6. Defendant acted with malice and a reckless disregard for Plaintiffs' rights.
> 7. The evidence demonstrating that Defendant is guilty of malice which allows Plaintiffs to recover punitive damages is clear and convincing. There is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.
> 8. Defendant's reprehensible conduct with a small child is aggravated by his intent to injure third parties (Plaintiffs).

*Id.*

When the Montana court's findings and conclusions are viewed through the prism of established Eighth Circuit law on willfulness and maliciousness, it is clear that the Montana order and judgment establish the prima facie elements of non-dischargeability under § 523(a)(6). As explained in *Porter*, *supra*, "a willful injury is a deliberate or intentional invasion of the legal rights of another," and "maliciousness is conduct targeted at the creditor . . . in the sense that the conduct is certain or almost certain to cause harm." In this case, the Montana court expressly held that Mr. Rose deliberately and intentionally acted to defame Ms. Walsh and the other plaintiffs and "injure [them] in the most base way." *Id.* at 5, ¶ 25. The court found that "Defendant Rose as a matter of fact, defamed the Plaintiffs. Defendant, Mycael Rose, acted with malice. Malice was proved by clear and convincing evidence . . . . [The plaintiffs] have suffered mental anguish, worry and loss of work time." *Id.*, ¶¶ 26 and 27. Under the legal standard of § 523(a)(6), Mr. Rose deliberately and intentionally made false statements about Ms. Walsh for the purpose of damaging her reputation and standing in the community and exposing her to possible criminal prosecution. The judgment of

$150,000 is unquestionably a debt for willful and malicious injury by the debtor to another and is excepted from discharge.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 7) is granted. Separate judgment will be entered.

DATED: January 25, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Gregory M. Neuhaus
    *Joel G. Lonowski
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.